**Erik Kahn EK(5146)**
**Erik.kahn@bryancave.com**
**Joseph Richetti JJR(5915)**
**joe.richetti@bryancave.com**
**Elizabeth J. Goldberg, EJG(3373)**
**ejgoldberg@bryancave.com**
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
Phone: (212) 541-1143
Fax:    (212) 541-1497

Attorneys for Defendant Sterling Publishing Co., Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| INNOVATIVE USA, INC. | : | |
| Plaintiff | : | No. 07 CV 6362 |
| v. | : | ANSWER |
| STERLING PUBLISHING CO., INC. | : | |
| Defendant. | : | |
------------------------------------------------x

Defendant Sterling Publishing Co., Inc.. ("Sterling"), by its attorneys Bryan Cave LLP, as and for its Answer to the Complaint, hereby allege the following:

1.     Denies the allegations set forth in paragraph 1 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegation that Plaintiff "is the sole and exclusive assignee of U.S. Patent No. 5,820,383 ('383 Patent) to Michael Levins for 'MAGNETIC MANIPULATIVES BOOK' ", and admits that Defendant has offered for sale and sold a book entitled "Magnetic Sudoku" by Frank Longo.

- 1 -

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint.

3. Admits the allegations set forth in paragraph 3 of the Complaint.

4. Denies the allegations set forth in paragraph 4 of the Complaint, except admits that Plaintiff purports that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, 283-286, that subject matter is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a) and that venue in this Court is proper under 28 U.S.C. § 1391(b), 1391(c) and/or 1400(b), and states that to the extent the allegations of paragraph 4 call for a legal conclusion, no response is required.

5. With respect to the allegations set forth in paragraph 5 of the Complaint, Defendant respectfully refers the Court to United States Patent No. 5,820,383 and denies any allegations inconsistent therewith.

6. With respect to the allegations set forth in paragraph 6 of the Complaint, Defendant respectfully refers the Court to United States Patent No. 5,820,383 and denies any allegations inconsistent therewith.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

8. Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Defendant has offered for sale and sold a book entitled "Magnetic Sudoku" by Frank Longo and that said book includes a fold-out page.

9. Repeats and realleges the responses to paragraphs 1 through 8 of the Complaint as if fully pleaded here.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

With respect to paragraphs A through H of Plaintiff's prayer for relief, Defendant hereby responds as follows: States that paragraph A through H of plaintiff's prayer for relief contains no allegations of fact for which a response is required; and denies that plaintiff is entitled to any damages in any amount.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Sterling asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Sterling reserves the right to amend its Answer as additional information becomes available:

### First Defense

1. Sterling states that the Complaint fails to state a claim upon which relief may be granted.

### Second Defense

2. Sterling has not infringed any valid claim of the '383 patent, and is not liable for

infringement thereof.

### Third Defense

3.    Upon information and belief, Sterling states that Plaintiff is wholly or partially barred from the relief that it seeks because the '383 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, for one or more of the following reasons, as well as others hereinafter set forth or which Sterling may hereafter discover or otherwise become informed:

(a)    The alleged inventions were not new before the applicant's alleged conception and/or reduction to practice;

(b)    The alleged inventions were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent;

(c)    The alleged inventions were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d)    The alleged inventions were described in a patent granted on an application for patent by another filed in the United States before the alleged inventions thereof by the applicant or applicants for the patents;

(e)    The patentee did not himself invent the subject matter claimed;

(f)    The patentee abandoned the alleged inventions;

(g)    Before the alleged inventions were made by the patentee, said alleged inventions were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)   The difference between the subject matter sought to be patented and the prior art such that the subject matter as a whole would have been obvious at the time the alleged inventions were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)   The alleged inventions do not involve the exercise of inventive faculty but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged inventions thereof by the patentee;

(j)   The patents do not contain a written description of the alleged inventions, and of the manner and process of making and using it, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventor of carrying out the alleged inventions; and

(k)   The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant regards as his alleged inventions.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Sterling denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.   Dismissing Plaintiff's Complaint against Sterling with prejudice;

B.   Declaring that Sterling has not infringed and does not infringe any valid claim of the '383 Patent;

C.   Declaring that each claim of the '383 Patent is invalid;

D.      Enjoining Plaintiff and/or any of its officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any action for infringement of the '383 Patent against Sterling or anyone in privity with Sterling including, but not limited to, its customers, suppliers, vendors, agents, successors, and assigns;

E.      Awarding Sterling its costs incurred in connection with this action; and

F.      Awarding Sterling such other and further relief as the Court may deem just and proper under the circumstances.

Dated:      September 10, 2007

Respectfully submitted,

BRYAN CAVE LLP


By /s Joseph Richetti
Joseph J. Richetti
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York  10104-3300
Tele. (212) 541-2000
Facs. (212) 541-4630

*Attorneys for Defendant*
*Sterling Publishing Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2007, a true and correct copy of the foregoing document was served by First-Class Mail, postage prepaid, addressed as follows:

TO:   Alan B. Clement
      Hedman & Costigan P.C.
      1185 Avenue of the Americas
      New York, New York 10036

                        s/ Elizabeth Goldberg