IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INNOVATIVE USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> STERLING PUBLISHING CO., INC., <br><br> Defendant. | Civil Action No. 07-CIV-6362 |

## REPORT OF RULE 26(F) CONFERENCE

1. **Meeting.** Pursuant to Fed R. Civ. P. 26(f), a meeting was held on August 30, 2007, by telephone and was attended by:

   Joseph Richetti of Bryan Cave LLP for defendant Sterling Publishing Co, Inc. ("Sterling")

   Alan Clement and Jordan Garner of Hedman & Hostigan P.C. for Plaintiff Innovative USA, Inc. ("Innovative")

2. **Nature and Basis of Plaintiff's claim.**

   **Plaintiff's Description:** Plaintiff is the owner of duly issued United States Patent No. 5,820,383. Defendant markets and sells books including "*Magnetic Sudoku*" by Frank Longo. Plaintiff asserts belief that the marketing and selling of the "*Magnetic Sudoku*" book directly infringes and will continue to directly infringe one or more of the claims of the '383 patent (the "Patent") under 35 U.S.C. § 271(a) literally and/or under the doctrine of equivalents.

   **Defendant's Description:** Plaintiff asserts that Defendant has infringed the Patent, to which it purports to be the owner, based upon Defendant's

marketing and sale of a book entitled "*Magnetic Sudoku*" by Frank Longo. Defendant contends that, among other things, the sale of "*Magnetic Sudoku*" does not infringe any valid claim of the Patent.

3. **Pre-Discovery Disclosures**. The parties have not yet exchanged the information required by Fed. R. Civ. P. 26(a)(1). By October 5, 2007, each party shall make the disclosures required by Fed. R. Civ. P 26(a).

4. **Fact discovery.** The parties have agreed that fact discovery should be bifurcated so that initial discovery should be limited to issues related to the validity of the Patent. Discovery on this issue shall run for five (5) months after the Rule 16 conference and shall be commenced so as to be completed by **February 21, 2008**.

   Discovery on all other issues shall be reserved until resolution of any dispositive motions based on the validity of the Patent, to be made by the time set forth in paragraph 9 hereof. If the action is not dismissed after resolution of any such dispositive motion, the parties agree to a further four (4) month period of fact discovery on remaining issues to commence after the Court has rendered decision on any dispositive motion concerning the validity of the Patent. The parties propose that a Markman hearing occur two (2) months after the resolution of any dispositive motions based on the validity of the Patent.

5. **Expert Witness Disclosures**
(i) Expert witness reports shall be due forty-five (45) days after the completion of all fact discovery as set forth in paragraph 4.
(ii) Rebuttal expert reports shall be due sixty (60) days after the date for expert witness reports set in (i);

(iii) Depositions of experts may commence fifteen days (15) after the date for rebuttal expert reports set in (ii) and shall be completed within sixty (60) days thereafter.

(iv) To the extent that Defendant decides to rely on an opinion of counsel defense, any opinion letters on which Defendant is so relying must be produced no later than twenty (20) days prior to the commencement of the expert deposition period. Any depositions associated with the opinion letter may occur during the expert deposition period.

6. **Interrogatories.** Maximum of **25 interrogatories** for each party.

7. **Depositions.** Maximum of **70 hours of** depositions by each party, and a maximum of **13 depositions** by each party, excluding expert depositions.

8. **Electronic discovery.** By October 12, 2007, each party shall provide a description of its retention policy applicable to electronic documents in its possession, custody or control that are reasonably anticipated to be discoverable in this action and a description of the format in which such electronic documents are retained. The parties shall produce requested readily accessible electronic documents which are not otherwise objected to in their responses to discovery requests, either in their native format or by print-out (in which case the native format shall be preserved). A description of categories of responsive electronic documents which a party asserts are not readily accessible shall also be provided. Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

9. **Dispositive Motions.**

(a) Dispositive motions on the issue of the validity of the Patent shall be filed by April 7, 2008. Opposing papers shall be served by May 9, 2008 and reply papers shall be served by June 2, 2008. The parties agree that such motions may be supported with expert declarations.

(b) Dispositive motions on any other issues shall be filed within forty-five (45) days of the close of expert discovery based on the schedule set forth in paragraph 5 hereof. Opposing papers shall be served by thirty-five (35) days after the motion is filed and reply papers shall be served twenty-five days (25) after the opposing papers are served.

**10.    Early Settlement or resolution**

Plaintiff believes that settlement is possible and may be facilitated by mediation after fact discovery on the issue of the validity of the Patent has been completed. Defendant will assess whether it is agreeable to mediation at such time.

**11.    Trial and Other dates:** A date for motions related to experts, motions *in limine* and trial shall be set after the completion of any dispositive motions as set forth in paragraph 9(b) hereof.

**12.    Confidentiality:** The parties agree that they should entered into an agreed protective order so that discovery may occur without delay.

Dated: September 13, 2007

                                                            Respectfully submitted,

| | |
|---|---|
| HEDMAN & COSTIGAN P.C. | BRYAN CAVE, LLP |
| By: /s Alan Clement | By: /s Joseph Richetti |
| Alan B. Clement (AC 8738) | Joseph Richetti (JJR 5195) |
| Jordan G. Garner (JG 4726) | Elizabeth Goldberg (EJG 3373) |
| HEDMAN & COSTIGAN P.C. | Erik Kahn (EK 5146) |
| 1185 Avenue of the Americas | 1290 Avenue of the Americas |
| New York, New York 10036 | New York, New York 10104 |
| Tel. (212) 302-8989 | Tel: (212) 541-2000 |
| *Attorneys for Plaintiff Innovative U.S.A., Inc* | *Attorneys for Defendant Sterling Publishing Co., Inc.* |